PREET BHARARA
United States Attorney for
the Southern District of New York
By: KAN M. NAWADAY
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2311

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                   :     VERIFIED COMPLAINT
                                           :
          -v.-                             :     10 Civ. 5916
                                           :
$103,820 IN UNITED STATES CURRENCY,        :
                                           :
          Defendant-in-rem.                :
                                           :
- - - - - - - - - - - - - - - - - - - - x

JUDGE GARDEPHE

          Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

          I.   JURISDICTION AND VENUE

          1.   This action is brought by the United States of America pursuant to Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Section 981(a)(1)(C) seeking the forfeiture of the following property:

          $69,400 in United States currency seized from a bag in
          the custody of DEINNER ROSA-ABREU ("ROSA-ABREU"); and

          $34,420 in United States currency seized from a safe
          located at 119 Elizabeth Avenue, Elizabeth, New Jersey;

(collectively, the "Defendant Currency").

2.  This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3.  Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

4.  The Defendant Currency is presently on deposit in the United States Treasury Assets Deposit Account.

## II.   PROBABLE CAUSE FOR FORFEITURE

5.  From in or about February 2010 through in or about March 2010, a confidential informant ("CI"), working with the Drug Enforcement Agency ("DEA"), and other law enforcement agents, had several telephone conversations with ROSA-ABREU in which ROSA-ABREU discussed paying $100,000 in transportation costs to the CI for a shipment of approximately 20 kilograms of cocaine.

6.  On or about March 3, 2010, in the presence of law enforcement agents, in Manhattan, New York, the CI placed a telephone call from Manhattan to ROSA-ABREU. During the call, the CI and ROSA-ABREU arranged to meet so that ROSA-ABREU could provide the $100,000 for the transportation of the cocaine.

7.  On or about March 4, 2010, members of the DEA and other law enforcement agents, conducted surveillance on ROSA-ABREU's home located at 119 Elizabeth Avenue, Elizabeth, New

Jersey (the "Residence"). Law enforcement agents observed ROSA-ABREU leaving the Residence with a black laptop bag (the "Bag"), enter the driver's seat of a red Land Rover and drive to the Bank of America branch located at 600 Elizabeth Avenue, Elizabeth, New Jersey (the "Bank").

8. At the Bank, law enforcement agents observed ROSA-ABREU exit his vehicle and enter the Bank with the Bag. After he entered the Bank, ROSA-ABREU checked out a safe deposit box and entered a private room with the safe deposit box and the Bag. Later, ROSA-ABREU exited the Bank with the Bag, which appeared to be fuller than when he had first entered the Bank.

9. After ROSA-ABREU exited the Bank, law enforcement agents stopped him and requested permission to search the Bag. ROSA-ABREU gave law enforcement agents verbal consent to search the Bag, after which, law enforcement agents found $69,400 in United States currency within the Bag.

10. Subsequent to the search of the Bag, ROSA-ABREU also gave members of law enforcement written consent to search the Residence. Pursuant to that written consent, members of law enforcement agents searched the Residence and recovered $34,420 in United States currency inside of a safe within the Residence.

11. After being advised of his Miranda warnings, ROSA-ABREU agreed to speak with law enforcement agents regarding the money found in the Bag and in his safe. In sum and substance,

ROSA-ABREU stated that the money and was his was to pay an individual a transportation fee for the delivery of 20 kilograms of cocaine.

12.  Additionally, ROSA-ABREU stated that the $103,820, i.e., the Defendant Currency, were proceeds of his illegal untaxed cigarette operation.  ROSA-ABREU advised law enforcement agents that he engaged in a business in which he sent drivers to Virginia to purchase untaxed cigarettes for approximately $30 a carton which he in turn resold at $35 a carton with counterfeit New Jersey State tax stamps affixed to them.

### III.  FIRST CLAIM FOR FORFEITURE

13.  Incorporated herein are the allegations contained in paragraphs 1 through 12 of this Complaint.

14.  Pursuant to Title 21, United States Code, Section 881(a)(6), "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate" a controlled substance offense, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such monies or proceeds.

15.  The Defendant Currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6)

because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

16. By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to Title 21, United States Code, Section 881(a)(6).

### IV. SECOND CLAIM FOR FORFEITURE

17. Incorporated herein are the allegations contained in paragraphs 1 through 12 of this Complaint.

18. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)97) of [Title 18])" is subject to seizure and forfeiture to the United States, and no property right exists in such monies or proceeds.

19. "Specified unlawful activity" is defined in Title 18, United States Code, Section 1956(c)(7), and the term includes, among other things, any offense listed under Title 18, United States Code, Section 1961(1). Section 1961(1) lists, among other offenses, violation of Title 18, United States Code,

Sections 2341 through 2346, which relate to trafficking in contraband cigarettes.

20. Defendant Currency is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) because there is probable cause to believe that it is derived, directly or indirectly, from proceeds traceable to trafficking in contraband cigarettes, in violation of Title 18, United States Code, Section 2342.

21. By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       August 5, 2010

>                          PREET BHARARA
>                          United States Attorney for
>                          the Southern District of New York
>                          Attorney for the Plaintiff
>                          United States of America
>
> By:  _____
>      KAN M. NAWADAY
>      Assistant United States Attorney
>      One St. Andrew's Plaza
>      New York, New York 10007
>      Telephone: (212) 637-2311

VERIFICATION

STATE OF NEW YORK          )
COUNTY OF NEW YORK         :
SOUTHERN DISTRICT OF NEW YORK )

Harry K. Pang, being duly sworn, deposes and says that he is a Special Agent with the Internal Revenue Service, Criminal Investigation, assigned to the Drug Enforcement Administration Task Force, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the ground of his belief are conversations with other law enforcement officers and others, official records and files of the Drug Enforcement Administration, the State of New Jersey, and the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Title 21, United States Code.

_____
HARRY K. PANG
Special Agent
IRS-CI

Sworn to before me this
5th day of August, 2010

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2014